UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT A. ALVAREZ,<br><br>  Petitioner,<br><br>  v.<br><br>F. GUZMAN, Warden,<br><br>  Respondent. | No. 2:23-cv-00421 DAD DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner claims his conviction was not supported by sufficient evidence. Petitioner alleges he is entitled to relief because; (1) improper evidence was admitted at trial resulting in an unfair trial, (2) prosecutor's statements at trial were improper resulting in misconduct and an unfair trial, (3) the state court's failure to instruct the jury regarding gang members possessing firearms resulted in an unfair trial, and (4) petitioner's ability to cross examine two witnesses was limited resulting in an unfair trial. Petitioner asserts that his claims show a violation of his rights under the Sixth and Fourteenth Amendments. (ECF No. 1.) Presently before the court is respondent's motion to dismiss the petition as untimely. (ECF No. 11.) For the reasons set forth below, the court will recommend that the motion to dismiss be granted.

////

1

# BACKGROUND

## I. Criminal Conviction and Direct Appellate Proceedings

Following a jury trial, petitioner was found guilty of first-degree murder and several sentencing enhancements were found true. (LD 1 at 1.[1]) On July 18, 2014 petitioner was sentenced to fifty years to life in prison. (LD 1 at 2.)

On October 17, 2018, the California Court of Appeal for the Third Appellate District remanded the matter for the "trial court to exercise its discretion under section 12022.53, subdivision (h), whether to strike any of the section 12022.53 enhancements" and for Franklin proceedings[2]. (LD 2 at 49.) Petitioner applied for review in the California Supreme Court. (LD 3.) The California Supreme Court denied review on January 23, 2019. (LD 4.) Petitioner did not apply for a writ of certiorari from the United States Supreme Court. Upon remand the trial court declined to dismiss the firearms enhancement and ordered that the California Department of Corrections be provided with a new Franklin packet. (LD. 5.) Petitioner did not appeal the judgment on remand.

## II. Respondent's Motion to Dismiss

Petitioner filed the instant petition on February 23, 2023. (ECF No. 1.) After being directed to file a response to the petition (ECF No. 11), respondent filed a motion to dismiss the petition as untimely (ECF No. 16). Petitioner filed an opposition to respondent's motion to dismiss (ECF No. 18), and respondent replied to petitioner's opposition. (ECF No. 19.)

# MOTION TO DISMISS

## I. Legal Standards

### a. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

[1] Respondent lodged state and federal court records with his motion to dismiss. (See ECF No. 15.) Each document is referenced herein by its Lodged Document ("LD") number.

[2] Pursuant to People v. Franklin, 63 Cal. 4th 261(2016) a Franklin proceeding gives individuals the opportunity to make a record of information relevant to their eventual youth offender parole hearings. See also LD 2 at 3.

2

entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

### b. Statute of Limitations

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

////

////

3

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## II.     Respondent's Motion

Respondent argues that the court should dismiss the petition because it is untimely. (ECF No. 16 at 1.) Respondent states on October 17, 2018, the California Court of Appeal, Third Appellate District, remanded the matter to the trial court. (ECF No. 16 at 1.) The trial court was to exercise its discretion to strike Penal Code section 12022.53 enhancements and conduct Franklin proceedings. (ECF No. 16 at 2 citing LD 2.) Respondent asserts the California Supreme Court denied review of petitioner's appeal on January 23, 2019. (ECF No. 16 at 2 citing LD 3 and LD 4.) Respondent states that on November 19, 2021, the trial court, on remand, declined to strike the section 12022.53 enhancements and ordered the California Department of Corrections be provided with a new Franklin packet. (ECF No. 16 at 2 citing LD 5.) Respondent asserts petitioner did not file "any state post-conviction collateral actions challenging the pertinent judgment." (ECF No. 16 at 2.) Respondent further asserts petitioner did not appeal the judgment on remand. (Id.) Respondent claims petitioner's last day to file a federal habeas petition was nearly one month prior to filing this petition. (Id.) Respondent argues that because petitioner is not entitled to tolling and did not file the instant petition until February 13, 2023, his petition should be dismissed as untimely.

## III.     Petitioner's Opposition to respondent's motion to dismiss.

Petitioner filed Petitioner's Motion of Opposition to Respondent's Motion to Dismiss Writ of Habeas Corpus Due to the Petitioner Being Impeded from Filing Timely Petition. (ECF No. 18.) In petitioner's opposition he does not dispute his petition was untimely, instead petitioner argues that his failure to file timely was due to his lack of legal aid, inmates assisting him with legal matters were transferred, and depletion of supplies. (Id. at 1.) Further, petitioner contends that he exercised "great and proper reasonable diligence" in filing his petition in a timely matter. (Id. at 2.) Finally, petitioner requests that his delay in filing be excused as

respondent was not prejudiced or harmed due to the delay in filing and his petition raises constitutional issues. (Id. at 1-2.)

## IV. Analysis

Under 28 U.S.C. § 2244(d)(1)(A) the one-year statute of limitations period for the petitioner would run from the date on which the judgment became final. See Smith v. Williams, 871 F.3d 684, 686 (9th Cir. 2017) citing § 2244(d)(1)(A). Here, petitioner was sentenced on July 18, 2014. (LD 1.) Petitioner, with his co-defendants, appealed his sentence to the California Court of Appeal, Third Appellate District and his matter was remanded for the trial court for further, discretionary proceedings on October 17, 2018. (LD 2.) Petitioner appealed the California Court of Appeal, Third Appellate District's decision and the California Supreme Court denied review on January 23, 2019. (LD 3 and LD4.) The trial court on remand entered judgment on November 19, 2021. Petitioner did not appeal the trial court's judgment upon remand.

For purposes of federal habeas review, petitioner's conviction became final on January 18, 2022, sixty days after the trial court entered the judgment upon remand. See Cal. Rules of Court, Rule 8.308; Smith, 871 F.3d at 686. The AEDPA statute of limitations period began to run the following day, on January 19, 2022, and expired one year later on January 19, 2023. Even with application of the prison mailbox rule,[3] petitioner did not file the instant petition until February 13, 2023, approximately twenty-six days after the expiration of the statute of limitations. Thus, absent equitable tolling, petitioner's federal petition is untimely under Section 2244(d)(1).

### a. Equitable Tolling

Petitioner's opposition asserts that the court should permit this matter to continue as his failure to timely file was due to issues with getting supplies and assistance. (ECF No. 18 at 1-2.) Further, petitioner asserts respondent is not harmed by the delay. (Id. at 1.) The court construes petitioner's argument as an assertion he is entitled to equitable tolling. Respondent argues that

---

[3] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

petitioner has not shown that these circumstances were extraordinary and were the cause of his untimely filing. (ECF No. 19 at 1.)

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Waldron-Ramsey, 556 F.3d at 1011. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner has not sufficiently alleged that he is entitled to equitable tolling. Petitioner has stated that his incarceration has hindered his ability to pursue this action. However, other than broad assertions the delay was due to inmates that were assisting him being transferred and depletion of supplies petitioner does not articulate with specificity the lack of access. (ECF No. 18 at 1.) Further, petitioner does not articulate other than a conclusory statement that he had "exercise[d] great and proper reasonable diligence" what steps he had taken to diligently pursue his federal claim. (ECF No. 18 at 2.) Together, petitioner's statements were not sufficient alone to meet the threshold required for equitable tolling. See Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (denying equitable tolling when petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D. Cal. 2009) (inmate not entitled to equitable tolling when such "claim is . . . unsupported by competent evidence and is . . . conclusory").

The court finds there is nothing in the record to indicate that petitioner is entitled to equitable tolling in this action.

## CONCLUSION

Petitioner filed the instant petition after the expiration of AEDPA's one-year statute of limitations and he is not entitled to equitable tolling. Thus, the petition should be dismissed as untimely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 16) be granted and the petition be dismissed.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: January 30, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/alva0421.mtd.

7