UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT A. ALVAREZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>F. GUZMAN,<br><br>　　　　Respondent. | No. 2:23-cv-00421-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 16, 20) |

Petitioner Herbert A. Alvarez proceeds *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 31, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 16) be granted and this action be dismissed as untimely because "petitioner filed the instant petition after the expiration of AEDPA's one-year statute of limitations and he is not entitled to equitable tolling." (Doc. No. 20 at 7.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id*. at 7.) Despite requesting and receiving an extension of time in which to do so (Doc. Nos. 21, 22), petitioner has not filed objections to the pending findings and recommendations.

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on January 31, 2024 (Doc. No. 20) are adopted in full;
2. Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 16) is granted;
3. This action is dismissed;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 11, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2